IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM R EVANS,<br>Plaintiff,<br><br>vs.<br><br>CODALE ELECTRIC SUPPLY INC,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:21-cv-00104-DAK<br><br>Judge Dale A. Kimball |

### INTRODUCTION

This matter is before the court on Defendant's Motion to Dismiss with prejudice pursuant to Federal Rules of Civil Procedure 12 (b)(6). (ECF No. 10.) On July 21, 2021, the court held a hearing on this motion. At the hearing, Jason Henderson represented William R. Evans ("Plaintiff") and Steve Reid and Allen Thomas represented Codale Electric Supply Inc. ("Defendants"). The court took the matter under advisement. Now being fully informed, the court issues the following Memorandum Decision and Order.

### BACKGROUND

In January 2007, Plaintiff William R. Evans ("Evans") was employed by Defendant Codale Electric Supply Inc. ("Codale") as the Director of Electrical Engineering and Technical Sales. Plaintiff was later promoted to the position of Director of Codale Modification and Assembly Division (CMAD). Plaintiff was hired as an at will employee, and throughout his

employment, Plaintiff was never subject to any disciplinary action and all his performance reviews were very positive.

Despite this, on January 2, 2019, Plaintiff was demoted to CMAD engineer with a reduction in pay and benefits. Less than a year later, on December 19, 2019, Codale terminated Plaintiff. Throughout Plaintiff's demotion and up until his termination, Plaintiff claims that he was subject to the adverse actions of Defendants. Plaintiff is over sixty years of age, and he argues that he was discriminated against because of his age.

Plaintiff alleges five causes of action: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) discrimination; (4) harassment; and (5) retaliation. As evidence of a contract Plaintiff provided the following documents: An Employment Letter of 1/2/19, CMAD Engineer Responsibilities Job Description, Employment Handbook, Non-Discrimination Policy, Non-Harassment Policy, and the Code of Ethics and Business Conduct.

Defendant responded to this Complaint with a Partial Motion to Dismiss Plaintiff's Complaint. (ECF No. 10.) Specifically, Defendant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moved to dismiss the first cause of action for breach of contract and the second cause of action for breach of the covenant of good faith and fair dealing.

On the eve of the hearing, Plaintiff provided the court with new evidence: a Bonus Agreement between the two parties and an Employment Agreement. Neither of the parties' previous motions have addressed these pieces of evidence, but at the hearing Plaintiff argued that these documents could serve as sufficient evidence of a contract other than the at will employment agreement between the two parties.

## DISCUSSION

The court will not touch the merits of Defendants 12(b)(6) motion due to the new evidence that was introduced just prior to the hearing. Under Rule 15(c)(1)(B) of the Fed. R. of Civ. Pro., claims may be amended so long as the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out [ . . . ] in the original pleading." The Bonus Agreement and Employment Agreement both relate to the occurrence that was set out in Plaintiff's original complaint. As such, the court will dismiss Defendants 12(b)(6) motion without prejudice and allow Plaintiff 30 days to amend his complaint.

## CONCLUSION

Defendants' Motion to Dismiss is DENIED.

DATED this 6th day of August, 2021.

BY THE COURT:

_____

DALE A. KIMBALL

United States District Judge